UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLACKMAGIC DESIGN PTY LTD.,<br><br>Defendant. | Case No. 13-cv-05184-SBA   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 87 |

## I.   INTRODUCTION

Plaintiff Technology Licensing Corporation ("TLC") filed this suit against Defendant Blackmagic Design Pty Ltd. ("Blackmagic") alleging patent infringement. The presiding judge, the Honorable Saundra B. Armstrong, referred discovery matters to this Court (Dkt. No. 74), which now considers the parties' Joint Letter Brief on TLC's request for leave to amend infringement contentions. Dkt. No. 87 ("Jt. Ltr."). After carefully reviewing the parties' positions, relevant legal authority, and the record in this case, for the reasons described below, the Court GRANTS TLC's request for leave to amend its infringement contentions.

## II.   BACKGROUND

On June 10, 2013, TLC filed a complaint in Illinois alleging that various Blackmagic products infringe six patents, including United States Patent Nos. 6,870,964 B1 and C1, "Spatial Scan Replication Circuit"; 7,382,929 B2, "Spatial Scan Replication Circuit"; 7,986,851 B2, "Spatial Scan Replication Circuit"; 5,920,842, "Signal Synchronization"; RE 40,411 E (the '411 patent), "Synchronizing Signal Separating Apparatus and Method"; and RE 40,412 E (the '412 patent), "Synchronizing Signal Separating Apparatus and Method."

The present dispute concerns patents '411 and '412. On March 6, 2014, TLC served its

1  infringement contentions, basing its '411 and '412 infringement claims on Blackmagic's alleged
2  use of the LMH1981 video sync separators. Jt. Ltr. at 3; *see also* Compl. at 5-6. On August 11,
3  2014, Blackmagic served its invalidity contentions based on TLC's asserted claims. Jt. Ltr. at 3.
4  Then, during mediation on August 19, 2014, Blackmagic informed TLC that it does not use the
5  LMH1981, but instead uses another integrated circuit, the LMH1980. *Id.* at 1.

6  TLC proceeded to prepare amended infringement contentions, and on September 3, 2014,
7  TLC filed a motion for leave to amend its infringement contentions to assert the '411 and '412
8  patents against the LMH1980 products rather than the LMH1981 products. Dkt. No. 78.
9  According to TLC, this motion was unopposed. *Id.* This Court denied the motion without
10 prejudice, noting that the parties should proceed by stipulation if such amendments were
11 unopposed or otherwise comply with the Court's Discovery Standing Order. Dkt. No. 81. On
12 October 23, pursuant to the Standing Order, the parties submitted the Joint Letter that is now the
13 subject of this Order. Dkt. No. 87. Blackmagic does not object to the substitution of the
14 LMH1981 with the LMH1980, but does oppose TLC's amendment of the claims themselves,
15 noting that TLC wishes to add dozens of new claims. *Id.* at 1, 3.

16 The parties have already submitted their Joint Claim Construction Statement and
17 Prehearing Statement on October 7, 2014. Dkt. No. 86. Five out of the ten terms submitted
18 involve patents '411 and '412. Dkt. No. 86-1. The close of claim construction discovery is on
19 November 2, 2014, and claim construction briefing is set to begin on November 17. Dkt. No. 71.
20 The Claim Construction Hearing is set for December 16, 2014. *Id.*

21 **III.   LEGAL STANDARD**

22 "The purpose of preliminary infringement contentions as required by Patent Local Rule 3.1
23 is to assist the court and guide the parties in focusing on potentially dispositive issues, providing a
24 framework for discovery and generally facilitating the proceedings." *AntiCancer, Inc. v. Pfizer*,
25 *Inc.*, __ F.3d. __, 2014 WL 5314617, at *5 (Fed. Cir. Oct. 20, 2014) (citing *Network Caching*
26 *Tech. LLC v. Novell, Inc.*, 2003 WL 21699799, at *5 (N.D. Cal. Mar. 21, 2003) ("PICs
27 [preliminary infringement contentions] are not meant to provide a forum for litigation of the
28 substantive issues; they are merely designed to streamline the discovery process."). The patent

2

1  disclosure rules "take[] the place of a series of interrogatories that defendants would likely have
2  propounded had the patent local rules not provided for streamlined discovery." *Intertrust Techs.*
3  *Corp. v. Microsoft Corp.*, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (citation and
4  internal quotation marks omitted); *see also Bender v. Freescale Semiconductor, Inc.*, 2010 WL
5  1689465, at *2 (N.D. Cal. Apr. 26, 2010).

6      Patent Local Rule 3-6 governs when a party may amend its infringement contentions and
7  "serves to balance the parties' rights to develop new information in discovery along with the need
8  for certainty in legal theories at the start of the case." *Brandywine Commc'ns Techs., LLC v.*
9  *AT&T Corp.*, 2014 WL 1569544, at *15 (N.D. Cal. Apr. 18, 2014) (citing *O2 Micro Int'l, Ltd. v.*
10 *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (additional citations omitted)).
11 Thus, a party may amend its infringement contentions only upon a showing of good cause and by
12 order of the Court. Patent L.R. 3-6. The moving party has the burden of demonstrating good
13 cause. *O2 Micro Int'l*, 467 F.3d at 1366. Examples of good cause include (a) a claim construction
14 by the Court different from that proposed by the party seeking amendment; (b) recent discovery of
15 material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information
16 about the Accused Instrumentality which was not discovered, despite diligent efforts, before the
17 service of the Infringement Contentions. Patent L.R. 3-6.

18     A determination of good cause requires requesting parties to show that they "acted with
19 diligence in promptly moving to amend when new evidence is revealed." *O2 Micro Int'l*, 467
20 F.3d at 1363; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)
21 (the good cause standard "primarily considers the diligence of the party seeking the amendment").
22 "If the court finds that the moving party has acted with diligence, it then must determine whether
23 the non-moving party 'would suffer prejudice if the motion to amend were granted.'" *Apple Inc.*
24 *v. Samsung Elecs. Co.*, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (quoting *Acer, Inc. v.*
25 *Tech. Prop. Ltd.*, 2010 WL 3618687, at *3 (N.D. Cal. Sep. 10, 2010)); Patent L.R. 3-6.
26 "However, even if the movant was arguably not diligent, the court retains discretion to grant leave
27 to amend." *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2013 WL 5955548, at *1 (N.D. Cal. Nov.
28 6, 2013); *see also Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15,

1  2012) (granting leave to amend infringement contentions, even though court found plaintiff failed
2  to establish diligence, because of lack of prejudice to defendant).

### IV.  DISCUSSION

#### A.     Amending TLC's Infringement Contentions

TLC contends that it acted diligently by promptly moving to amend its infringement contentions on September 3, 2014 after it learned on August 19, 2014 that Blackmagic uses the integrated circuit LMH1980.  However, elsewhere TLC explains that years before both filing its Complaint and serving its infringement contentions, on August 22, 2011, TLC wrote to the CEO of Blackmagic asserting that Blackmagic's use of the LMH1981 *and* the LMH1980 infringed the '411 and '412 patents.  According to TLC, Blackmagic did not respond to this letter or another follow-up letter in September 2011, and as a result, TLC argues that it "reasonably concluded that Blackmagic used *both* the LMH1980 and 1981 in its products." Jt. Ltr. at 2 (emphasis added). TLC was seemingly aware that Blackmagic used the LMH1980 but for some unexplained reason did not include it in its Complaint or infringement contentions.[1]  Despite its burden to show diligence, TLC leaves unexplained its earlier decision not to include the LMH1980 as an accused product.  Under different circumstances, TLC's showing may be insufficient.

However, "even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Linex*, 2013 WL 5955548, at *1; *see also Apple*, 2012 WL 5632618, at *6. "The Patent Local Rules were designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings . . . , or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory[.]" *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007) (citing *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) ("'shifting sands' approach to claim construction") and *O2 Micro Int'l*, 467 F.3d at 1365 ("discovery is designed to allow the defendant to pin down the

---

[1] There is some question as to whether TLC met its Federal Rule of Civil Procedure 11 burdens before filing this case.  Whether TLC complied with Rule 11 obligations should have been raised in a separate motion.  *See DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161, at *3 n.25 (N.D. Cal. Apr. 16, 2012); *see also Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, 2011 WL 940263, at *3 n.1 (N.D. Cal. Feb. 18, 2011).

plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case."). Thus, courts have allowed amendments when "the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *OpenDNS, Inc. v. Select Notifications Media, LLC*, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013) (citing *Yodlee*, 2007 WL 1454259, at *2, and *Apple*, 2012 WL 5632618, at *5).

On balance, the Court finds that amendment of TLC's infringement contentions is appropriate. The case is in the early stages of litigation; no discovery has yet been conducted, and the District Court has not yet set a date for the close of fact discovery, nor for the close of expert discovery or trial. Accordingly, "the Patent Local Rules' concern with parties sandbagging opponents late in the discovery period is [ ] not at issue." *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 491745, at *6 (N.D. Cal. Feb. 5, 2014) (citing *Yodlee*, 2007 WL 1454259, at *2). Nor does amendment at this time frustrate the Patent Local Rules' goal of "requir[ing] parties to crystallize their theories of the case early in the litigation." *O2 Micro Int'l*, 467 F.3d at 1366 n.12.

Blackmagic argues that it would be unduly prejudiced if TLC is allowed to add new claims because Blackmagic has already served its invalidity contentions and "drafting such contentions involved a substantial amount of time and money." Jt. Ltr. at 5. If TLC is permitted to add new claims, this would thus "require Blackmagic to engage in new invalidity analysis for the '411 and '412 patents, would require the parties to re-exchange proposed terms for construction and proposed constructions, and would require the filing of a new Joint Claim Construction Statement, with entirely new claim terms identified for the '411 and '412 patents." *Id.* While this may not be ideal, both parties could have avoided this result with earlier action, and at this stage in the litigation any tax on Blackmagic's resources is outweighed by TLC's "right to develop new information in discovery, as well as the interest in considering material information to secure the just resolution of this action." *Fujifilm*, 2014 WL 491745, at *3; *see also Brandywine*, 2014 WL 1569544, at *15 (Patent Local Rule 3-6 "balance[s] the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case.").

The cases Blackmagic cites in support of its contention that an amendment at this stage

5

1  would be prejudicial are unpersuasive in this context.  In *BioGenex Labs. v. Ventana Med. Sys.*,
2  BioGenex moved to amend infringement contentions essentially in a last ditch effort to avoid the
3  defendant's motion for summary judgment related to two patents.  2005 WL 7139102, at *1-4
4  (N.D. Cal. Feb. 24, 2005).  For one of the patents, the plaintiff had included the patent in its
5  complaint but had failed to serve infringement contentions related to that patent (*id.* at 1-2), and
6  for the other, the court found the plaintiff had "made a strategic decision" to "wait for [the
7  defendant] to tip its hand as to its prior art investigation and invalidity defenses, and then avoid an
8  otherwise good motion for summary judgment by backdating the patent's priority date."  *Id.* at 4.
9  Here, TLC's motion to amend is unrelated to a dispositive motion and made at an early stage
10 without any evidence of the sort of gamesmanship apparently made in *BioGenex*.
11       Likewise, in *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at
12 *2 (N.D. Cal. July 30, 2007), the case was at a much more progressed stage.  The *Abbott* court
13 specifically noted that "because less than two months remain before . . . termination of fact
14 discovery, the addition of new products would likely derail the case management schedule, require
15 additional claim construction, and delay trial.  The Court finds that allowing amendment would
16 therefore prejudice [the defendant]."  *Id.*  While there are several upcoming deadlines in this case,
17 the parties' and Court's time and resources are better served by considering the relevant products.
18 Thus, in the interests of judicial economy, the Court will allow TLC to add the LMH1980 an
19 underlying product accused.  *See Apple*, 2012 WL 5632618, at *3 ("In the interests of judicial
20 economy, the court will allow Apple to add the Samsung Galaxy Note 10.1 as an infringing
21 device.").  And "with ample time left on the pretrial clock," Blackmagic "should be able to pursue
22 any additional art without any undue prejudice."  *Id.* at 6.
23 **B.    Limiting the Number of TLC's Claims**
24       Blackmagic also argues that TLC should not be permitted to add 68 new claims and asks
25 the Court to limit TLC's contentions to 12 claims total for the six patents-in-suit.  Jt. Ltr. at 3, 4.
26 Elsewhere, Blackmagic states that "TLC currently asserts 80 claims and seeks now to assert 116
27 claims (assuming it drops the LMH1981 claims)."  Jt. Ltr. at 5.  TLC justifies the addition of these
28 claims by asserting that "the claims of the '411 and '412 patents that apply to the LMH1980

6

1  products are not identical to the claims applying the LMH1981 products." *Id*. at 1.  The parties

2  did not provide the Court with a copy of either the original infringement contentions or the most

3  recent version of the proposed amended infringement contentions.[2]

4        Blackmagic is correct that "[d]istrict courts possess the authority to limit patent claimants

5  to a set of representative claims." *Thought, Inc. v. Oracle Corp.*, 2013 WL 5587559, at *2 (N.D.

6  Cal. Oct. 10, 2013) (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303,

7  1313-14 (Fed. Cir. 2011) and *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. App'x. 897, 902 (Fed.

8  Cir. 2011), *reh'g denied* (Aug. 1, 2011).  "In determining whether to require parties [to] limit the

9  number of claims asserted, courts look to the number of patents and claims at issue and the

10  feasibility of trying the claims to a jury.  Courts should also look to whether the patents at issue

11  have common genealogy, whether the patents contain terminal disclaimers, and whether the

12  asserted claims are duplicative."  *See id.*  Here, however, Blackmagic seeks to limit TLC's claims

13  related to patents that are not even the subject of this current dispute and without the Court having

14  all the claims before it to review or hearing from the parties about the above factors considering in

15  limiting a parties' claims.  This issue is more appropriately addressed in a separate motion.

16        Furthermore, while Blackmagic argues for limiting TLC's contentions, Blackmagic also

17  contends that it will not "assist TLC in limiting its infringement contentions in this case" by

18  providing TLC with a declaration ensuring that Blackmagic did not use the LMH1981.  Jt. Ltr. at

19  3 n.1.  Neither party provided the declaration that Blackmagic already submitted to TLC, but in

20  any case, the Court is not satisfied that the parties' engaged in a full and proper meet and confer

21  process.  The parties are thus ordered to meet and confer in an effort to (1) satisfy both TLC's

22  concerns about the potential that the LMH1981 should remain an accused product as well as

23  Blackmagic's concerns about the number of contentions and claims in this case, and (2) discuss

24  other ways in which the parties may assist each other in limiting the total number of claims.

---

[2] The parties' Joint Letter states that "additional contentions are attached" but they were not.  Jt. Ltr. at 2.  Presumably TLC wishes to use the amended infringement contentions it submitted in its Motion for Leave to Amend Its Infringement Contentions (Dkt. No. 78), but even if this is the case, the Court is unable to compare claims related to the LMH1981 as opposed to the LMH1980 without the original infringement contentions.

Additionally, should the parties wish to seek modification of the current case management schedule, the parties must first meet and confer, and then raise such a proposal with the presiding judge.  If the parties can come to a scheduling agreement,[3] they should provide the District Court with a stipulation to that effect.  Any motions must be made pursuant to the presiding judge's Standing Orders and Scheduling Notes.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS TLC's Motion for Leave to Amend its Infringement Contentions.

**IT IS SO ORDERED.**

Dated: October 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[3] TLC has told the Court that it "is agreeable to any reasonable change in schedule to accommodate Blackmagic."  Jt. Ltr. at 2.