UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKMAGIC DESIGN PTY LTD.,<br><br>    Defendant. | Case No. 13-cv-05184-SBA   (MEJ)<br><br>**REPORT & RECOMMENDATION RE: DEFENDANT'S REQUEST TO LIMIT NUMBER OF PLAINTIFF'S INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 91 |

## I.  INTRODUCTION

Plaintiff Technology Licensing Corporation ("TLC") filed this suit against Defendant Blackmagic Design Pty Ltd. ("Blackmagic") alleging patent infringement. The presiding judge, the Honorable Saundra B. Armstrong, has referred discovery matters to the undersigned. Dkt. No. 74. Now before the Court is the parties' joint letter brief concerning Blackmagic's request to limit the number of new infringement claims by TLC. Dkt. No. 91 ("Jt. Ltr."). At the undersigned's request, the parties also submitted a supplemental letter brief regarding the status of the discovery pertaining to TLC's new infringement claims. Dkt. No. 94 ("Supp. Jt. Ltr."). After carefully reviewing the parties' positions and relevant legal authority, for the reasons explained below, the undersigned RECOMMENDS[1] that the District Court GRANT Blackmagic's request to limit the number of new infringement claims.

## II.  BACKGROUND

TLC accuses Blackmagic of infringing six patents, including United States Patent Nos. 6,870,964 B1 and C1, "Spatial Scan Replication Circuit"; 7,382,929 B2, "Spatial Scan Replication

---

[1] The undersigned finds that resolution of this dispute requires specific case management decisions; accordingly, a report and recommendation to the presiding judge is appropriate.

1 Circuit"; 7,986,851 B2, "Spatial Scan Replication Circuit"; 5,920,842, "Signal Synchronization";
2 RE 40,411 E (the '411 patent), "Synchronizing Signal Separating Apparatus and Method"; and RE
3 40,412 E (the '412 patent), "Synchronizing Signal Separating Apparatus and Method."

On March 6, 2014, TLC served its infringement contentions, basing its '411 and '412 infringement claims on Blackmagic's alleged use of the LMH-1981 video sync separators. Jt. Ltr. at 3; *see also* Compl. at 5-6. On August 11, 2014, Blackmagic served its invalidity contentions based on TLC's asserted claims. Jt. Ltr. at 3. Then, during mediation on August 19, 2014, Blackmagic informed TLC that it does not use the LMH-1981, but instead uses another integrated circuit, the LMH-1980. *Id.* at 1. TLC proceeded to prepare amended infringement contentions, and on October 23, 2014, the parties submitted a joint letter brief to the undersigned, wherein TLC requested leave to amend its infringement contentions to assert the '411 and '412 patents against the LMH-1980 products. Dkt. No. 87.

On October 30, 2014, the undersigned granted TLC's motion allowing it to amend its infringement contentions to include the LMH-1980. Dkt. No. 88. The Order also required the parties to meet and confer to discuss whether (1) claims relating to the LMH-1981 should remain in this case, and (2) to determine how the parties might assist each other in limiting the total number of claims. *Id.* Since then, TLC served amended infringement contentions adding 65 new claims based on Blackmagic's alleged infringement of the '411 and '412 patents. This brings the total number of asserted claims for the patents-in-suit to 145, including claims relating to both the LMH-1980 and LMH-1981.

Blackmagic argues that it is unduly prejudicial to require it to expend considerable resources drafting invalidity contentions for 65 new claims (in addition to the 80 claims it has already charted), and to engage in claim construction for 145 claims, when it is apparent that TLC will not assert such a large number of claims at trial. Blackmagic seeks an order compelling TLC to limit its total number of new claims (*i.e.*, claims based on Blackmagic's alleged infringement of the '411 and '412 patents through use of the LMH-1980 chip) to six total. In turn, Blackmagic offered to reduce its prior art references for these patents to six as well. Jt. Ltr. at 2. Meanwhile, TLC argues that it cannot limit claims in the blind, with no discovery about Blackmagic's

1  products. *Id*. at 4-5.  It proposes that Blackmagic should provide the relevant discovery, and the
2  parties should then have thirty days from receipt of real documents to reduce the number of claims
3  and the number of invalidity contentions.  *Id*. at 6; Suppl. Jt. Ltr. at 3.

## IV.  DISCUSSION

The Federal Circuit has held that district courts possess the authority and discretion to reasonably limit the number of claims asserted in patent infringement actions, subject to due process considerations.  *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312-13 (Fed. Cir. 2011).  "In determining whether to require parties [to] limit the number of claims asserted, courts look to the number of patents and claims at issue and the feasibility of trying the claims to a jury.  Courts should also look to whether the patents at issue have common genealogy, whether the patents contain terminal disclaimers, and whether the asserted claims are duplicative."  *Thought, Inc. v. Oracle Corp.*, 2013 WL 5587559, at *2 (N.D. Cal. Oct. 10, 2013) (citing *In re Katz*, 639 F.3d at 1311).  The Federal Circuit has held that requiring a plaintiff patentee to limit its claims to a certain number from a large number of asserted claims is permissible as long as the district court leaves open the door for the assertion of additional claims upon a showing of good cause or need.  *See In re Katz*, 639 F.3d at 1310-12.

In *Katz*, for instance, the Federal Circuit approved the district court's order limiting the number of patent claims from 1,975 claims to 64 total where defendants made an initial showing that the asserted claims appeared to contain duplicative claims and the plaintiff was given the opportunity to add more claims if it could show that the additional claims raise unique issues of infringement and invalidity that were not duplicative of previously selected claims.  *Id.* at 1311-12.  The Federal Circuit held that it was both efficient and fair to require the plaintiff to identify those unasserted claims that might present unique issues, rather than requiring the defendants to prove which claims were duplicative.  *Id.* at 1312.  The Court noted that "[w]hen the claimant is in the best position to narrow the dispute, allocating the production burden to the claimant will benefit the decision-making process[.]"  *Id.* at 1311.

The Federal Circuit thus affirmed the district court's claim selection order, requiring plaintiff to initially select no more than 40 claims per defendant group, and then, after discovery,

3

to select no more than 16 claims per defendant group. *Id.* at 1309. In doing so, the Federal Circuit implicitly recognized that courts may, in some circumstances, select a number of representative claims prior to discovery. However, the court included two important caveats. First, as noted above, the Federal Circuit recognized that had the district court refused to permit the plaintiff leave to add the unique claims, that decision would be subject to review and reversal. *Id.* at 1312-13. Second, the court noted that it is "conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement and invalidity in light of the defendants' accused products and proposed defenses." *Id.* at 1313 n.9. In summary, "a court may limit the number of patent claims a plaintiff may assert so long as it provides the plaintiff with the opportunity to assert additional claims upon a showing of good cause and does not prematurely require the plaintiff to limit its claims." *Certusview Techs., LLC v. S & N Locating Servs., LLC*, 2014 WL 4930803, at *4 (E.D. Va. Oct. 1, 2014) (citing *In re Katz*, 639 F.3d at 1311-13 & n.9).

While the undersigned shares Blackmagic's concerns that the addition of 65 new claims makes this case unwieldy, *Katz*'s warning about prematurely reducing the number of claims is also well-taken. In light of *Katz*'s admonition, courts have denied without prejudice motions to reduce the number of asserted patent claims until the litigation was further progressed. *See, e.g.*, *High Point Sarl v. Sprint Nextel Corp.*, 2010 WL 1292710, at *3 (D. Kan. Mar. 29, 2010) (denying defendants' motion without prejudice after finding it premature to limit the number of claims plaintiff may assert); *Fleming v. Cobra Elecs. Corp.*, 2013 WL 1760273, at *3 (D. Idaho Apr. 24, 2013) ("*Katz*'s concern about employing the process too early applies here—discovery has just begun, and it would be unfair to require [the plaintiff] to choose representative claims at this stage of the litigation. . . . the Court will deny the motion without prejudice to the right of the defendants to raise the motion again when [the plaintiff] would be in a better position to select representative claims."); *cf. Thought*, 2013 WL 5587559, at *3 (comparing that case to *Fleming* and reducing claims where plaintiff did not argue that it had "insufficient discovery or understanding as to how defendants' accused products operate in order to intelligibly select claims."); *Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) ("The parties have

4

completed discovery, and Adobe is now in a position to determine its strongest claims.").

Other courts, however, have recognized that even where discovery is not yet complete, the number of claims may be reduced where doing so would not be premature. *See, e.g.*, *Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, 2014 WL 645246, at *3 (E.D. Mich. Feb. 19, 2014) (allowing plaintiff to initially assert only 25 claims out of 500 to allow the parties to obtain discovery as to those 25 claims, including infringement, non-infringement, invalidity, and validity contentions and other fact discovery); *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248, at *1-3 (C.D. Cal. Apr. 5, 2013) (ordering plaintiffs to reduce the number of asserted claims before the close of discovery, despite the fact that defendant's non-infringement and invalidity contentions were yet to be submitted); *Unified Messaging Solutions LLC v. Facebook, Inc.*, 2012 WL 11606516, at *1 (E.D. Tex. July 12, 2012) ("Narrowing the case at an earlier stage will serve to reduce the overall costs of the litigation by eliminating needless discovery regarding issues that will likely be dropped prior to trial, and allow the Court to dedicate its resources to the truly dispositive and meritorious issues."); *Certusview Techs.*, 2014 WL 4930803, at *4 (the "case has reached a sufficient stage in the discovery process to allow [the plaintiff] to make an informed decision about which claims to pursue."). These authorities are persuasive in finding that the number of claims in this case may be reduced at this time.

The facts of this case also support a finding that reduction in the total number of claims is appropriate. Blackmagic has demonstrated that some of TLC's claims appear to be duplicative and has also indicated that TLC is capable of reducing its claims based on data acquired in a similar action in the Northern District of Illinois, in which TLC asserted only three claims in its final infringement contentions for the '411 patent based on products incorporating the LMH-1980 and zero claims for the '412 patent based on products incorporating the LMH-1980. Blackmagic asserts that "TLC likely knows more about the LMH-1980 and -1981 chips than Blackmagic does at this point." Jt. Ltr. at 3. Additionally, while the undersigned instructed both parties to discuss ways of limiting the total number of claims, there is no indication that TLC made any effort on its own to reduce the number of claims. While TLC says rather summarily that it needs more discovery—and particularly discovery relating to sales data and technical documents (Jt. Ltr.

at 4)—it does not explain with any specificity how this particular discovery will help it narrow its claims. There is no other explanation about why TLC thinks it needs 65 new claims at this time.

Some additional discovery, however, may be appropriate before requiring TLC to reduce its claims. Specifically, TLC argues that it can reduce its claims once it is certain that Blackmagic did not utilize the LMH-1981 in any of its products. Jt. Ltr. at 6. TLC has attempted to ascertain whether Blackmagic uses the LMH-1981 through (1) a declaration from Blackmagic stating that it does not use the LMH-1981 in its products,[2] and (2) a Request for Production of Documents, through which TLC seeks "[d]ocuments identifying every product using an LMH-1980 or LMH-1981 integrated circuit." Suppl. Jt. Ltr., Ex. B at 4. Blackmagic argues that it does not need to provide TLC with a list of products that TLC might go on to accuse; rather, it is the other way around: TLC must identify the accused products, and then Blackmagic must respond. As TLC's current infringement contentions accuse the "Smart Videohub and all other Blackmagic Products Incorporating the National Semiconductor LMH1981 Multi-Format Video Sync Separator," Blackmagic maintains that it only needs to produce discovery as to the Smart Videohub, because it is not Blackmagic's "responsibility to identify which products TLC wishes to accuse in this case." *Id.* Likewise, Blackmagic contends that it is not its burden to determine what products may fall under TLC's read of the patent claims as presented in its infringement contentions. *Id.* Blackmagic asserts that the Local Patent Rules require the patentee to identify where each element of each asserted claim can be found in each accused product. *Id.* (citing Patent L.R. 3-1).

Patent Local Rule 3-1(b) requires the following information be disclosed as part of TLC's infringement contentions: "Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party *of which the party is aware*. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, *if known*." (emphasis added). TLC contends that cases excluding products not adequately identified in infringement contentions are distinguishable, because here TLC has had no discovery. The

---

[2] TLC has provided a declaration stating that it does not use the LMH-1981 in any of the accused products. Jt. Ltr. at 6.

undersigned agrees. *See ASUS Computer Int'l v. Round Rock Research, LLC*, 2014 WL 1463609, at *7 (N.D. Cal. Apr. 11, 2014) ("Even if [plaintiff] did not know at the time of serving its contentions about the specific model numbers of products . . . , it should have amended its contentions to add this information once [defendant] *provided discovery* for these products") (emphasis added) (citing *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4537838, at *1 (N.D. Cal. Aug. 22, 2013) ("[I]f our local rules are to have any teeth, [infringement theories] must be adequately disclosed and supplemented along the way, *should new evidence arise in discovery*.") (emphasis added)); *cf. Oracle Am., Inc. v. Google Inc.*, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (refusing to allow Oracle to accuse new products where Oracle did not claim that it did not know those product names when it submitted its infringement contentions; "Oracle could have and should have specifically identified all such accused devices.").

TLC has indicated that it needs discovery to determine which products to accuse and to intelligently narrow its claims overall. Given the early stage of this case, and Patent Local Rule 3-1(b)'s mandate that infringement contentions should identify each accused product "of which the party is aware" and "if known," the undersigned finds that TLC should be allowed discovery as to Blackmagic products that contain the LMH-1981. *See SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) ("The district court's application of the local rules are within its sound discretion[.]"). Although Blackmagic argues that it does not have technical documentation related to the LMH-1981 as it does not manufacture the chip, the undersigned agrees that this is not the information TLC seeks; rather TLC seeks Blackmagic to identify which of its own products utilize the LMH-1981, if any.

In light of the above, Blackmagic should respond the outstanding discovery requests propounded by TLC, and once that discovery is completed, TLC should reduce the number of claims related to the '411 and '412 patents through use of the LMH-1980 chip to a manageable number. TLC has repeatedly agreed that it will ultimately need to reduce the number of claims, and following the limited discovery recommended below, the time to reduce those claims will have arrived. Of course, if the court orders a patentee to limit the number of asserted patent claims, the court should permit the patentee to move for leave to assert additional claims upon a

7

showing of good cause. *Telebuyer, LLC v. Amazon.com, Inc.*, 2014 WL 5312275, at *2 (W.D. Wash. Oct. 16, 2014); *see also Oasis Research, LLC v. Advice, LLC*, 2011 WL 7272473 at *2 (E.D. Tex. Sept. 13, 2011) (permitting leave to assert more claims upon a showing of good cause).

### III.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS the following schedule relating to discovery and the reduction of TLC's infringement contentions and Blackmagic's invalidity contentions. As the undersigned makes specific proposals impacting the District Court's case management schedule, the undersigned issues the following as a report and recommendation:

1) Blackmagic shall respond to TLC's outstanding Requests for Production of Documents (Suppl. Jt. Ltr., Ex. A), by February 5, 2015, including Request Number 3, which asks Blackmagic to identify which, if any, of its products utilize the LMH-1981;

2) By February 26, 2015, TLC shall reduce its total number of new claims related to the '411 and '412 patents through use of the LMH-1980 chip to 18 claims;

3) By March 19, 2015, TLC shall further reduce its total number of claims related to the '411 and '412 patents through use of the LMH-1980 chip to 10 claims;

4) By April 9, 2015, Blackmagic shall identify no more than 10 of prior art references for these patents, and shall provide its invalidity contentions with charts for each prior art reference, if it has not done so already;

5) TLC shall be permitted to move for leave to assert additional claims upon a showing of good cause.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED.**

Dated: January 22, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge